# SETTLEMENT AGREEMENT AND
# FULL AND FINAL MUTUAL RELEASE OF ALL CLAIMS

1. This Agreement covers all understandings between Phillip Brady (hereinafter referred to as "Plaintiff" a term which includes Phillip Brady's successors, beneficiaries, personal representatives, and heirs), and K.E. MECHANICAL CONTRACTING, LLC, VIMAL PATEL, and HERNANDO VILLARRAGA, individually (hereinafter referred to as "Defendants" a term which includes each and every officer, director, employee, agent, parent corporation or subsidiary, affiliate or division, its successors, assigns, beneficiaries, servants, legal representatives, insurers and heirs).

2. For and in consideration of the promises outlined in Paragraph 3 of this Agreement, Plaintiff agrees as follows:

    A. To settle any and all claims, past, present, or future, whether known or unknown, and actions of any nature whatsoever between Plaintiff and Defendants and release and forever discharge Defendants of and from all and any manner of actions, causes of actions, suits, rights to attorney fees, debts, claims and demands whatsoever in law or equity by reason of any matter, cause or thing whatsoever, and particularly, but without limitation of the foregoing general terms, by reason of any claims or actions arising from Plaintiff's employment or separation from employment with Defendants, including, but not limited to, the transactions or matters which are the subject matter of the lawsuit CASE NO.: 3:17-CV-00173-TCB, pending in the United States District Court for the Northern District of Georgia.

    B. To voluntarily dismiss CASE NO.: 3:17-cv-00173-TCB, pending in the United States District Court for the Northern District of Georgia, with prejudice.

    C. To agree and acknowledge that this settlement is the compromise of a doubtful and disputed claim, and does not constitute an admission by Defendants of any violation of any federal, state, or local statute or regulation, or any violation of any of Plaintiff's rights or of any duty owed by Defendants to Plaintiff. It is further understood and agreed by the Plaintiff that this settlement is a compromise of a doubtful and disputed claim, and that the payments are not to be construed as an admission of liability on the part of the Defendants, by whom liability is expressly denied. Finally, the settlement proceeds as set forth in Paragraph 3 of this Agreement were structured in a manner and method by chosen Plaintiff, not by Defendants.

    D. That the below-referenced amount paid by Defendants represents a sum to which Plaintiff would not be entitled absent this Agreement.

   E. Not to disclose the terms or existence of this Agreement to anyone except Plaintiff's immediate family, financial advisors, tax advisors, and attorneys (who, in turn, shall also agree not to disclose this Agreement to any third parties) and as compelled by force of law.  To the extent Plaintiff discloses the terms to one of these permitted individuals, he will inform them of the terms of the confidentiality provision.  In the event Plaintiff is compelled by force of law to disclose the contents of this Agreement, Plaintiff agrees that notice of receipt of the judicial order or subpoena shall be immediately communicated to Defendants telephonically and confirmed immediately thereafter in writing so that Defendants will have the opportunity to assert what rights it may have in non-disclosure prior to any response to the order or subpoena.  The parties agree that the damages caused by the breach of the confidentiality provisions set forth in subsection E would be difficult to estimate and, therefore, agree that any breach by the Plaintiff of the confidentiality provisions shall make him liable for an award of liquidated damages in the amount of $10,000.00 and he shall also be liable to pay Defendants attorneys' fees incurred to pursue a claim for breach of confidentiality.

3. For and in consideration for the promises made by Plaintiff in Paragraph 2 of this Agreement, Defendants agree to pay Plaintiff the total consideration of **$24,000.00** as follows:

  (a) Payment of $10,000.00 to Plaintiff's counsel, Regan Keebaugh ("Payment One") within fourteen (14) days of the date of Court approval of the settlement.
  (b) Payment of $7,000.00 to Plaintiff's counsel, Regan Keebaugh, ("Payment Two") within thirty (30) days of Payment One.
  (c) Payment of $7,000.00 to Plaintiff's counsel, Regan Keebaugh, within sixty (60) days of the date of Payment One.

 Plaintiff's counsel agrees that $10,000 of the total consideration shall be distributed to Plaintiff and the remainder shall be kept by Plaintiff's counsel for attorney's fees and reimbursement for costs of mediation and litigation.

4. In exchange for the consideration above, Defendants release Plaintiff from any and all claims, charges, actions and causes of action, and counterclaims of any kind or nature that Defendants once had or now have, whether arising out of Plaintiff's employment, or otherwise, and whether such claims are now known or unknown to Defendants from the beginning of the world to the date of these presents.

5. Defendants agree not to disclose the existence or contents of this Agreement to any prospective employer of Plaintiff.  If Defendants are contacted by any prospective or current employer of Plaintiff, they may confirm dates of employment only, and job position, but shall not make disparaging remarks against Plaintiff. Plaintiff, in turn, shall

tell anyone who asks Plaintiff about the status of this lawsuit is that "it has been resolved," and Plaintiff shall make no disparaging remarks about Defendants.

6. Unless noted elsewhere in this agreement, each party shall bear their own costs and attorneys' fees, including any mediation costs.

7. In the event that Plaintiff or Defendants commence an action for damages, injunctive relief, or to enforce the provisions of the Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorney's fees and all costs including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

8. Plaintiff and Defendants agree that this Settlement Agreement is entered into knowingly and voluntarily, after having the opportunity to fully discuss it with an attorney. Having had the opportunity to obtain the advice of legal counsel to review, comment upon, and redraft the agreement, the parties agree that the Agreement shall be construed as if the parties jointly prepared it so that any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

9. This Agreement supersedes all prior agreements and understandings between Plaintiff and Defendants. No cancellation, modification, amendment, deletion, addition, or other changes in this Agreement or any provision hereof or any right herein provided shall be effective for any purpose unless specifically set forth in a subsequent written agreement signed by both Plaintiff and an authorized representative of Defendants.

10. Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement and all other valid provisions shall survive and continue to bind the parties.

11. The law governing this Agreement shall be that of the United States and the State of Georgia.

DATE:_____        Signature: _____
                                   Phillip Brady

3

DATE:            Signature:           
                                         For Defendant K.E. MECHANICAL CONTRACTING, LLC

DATE:            Signature:           
                                         For Defendant VIMAL PATEL

DATE:            Signature:           
                                         For Defendant HERNANDO VILLARRAGA